UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 18-10333-FDS |
| | ) | |
| MELVIN VELASQUEZ | ) | |

**DEFENDANT'S SENTENCING MEMORANDUM**

Melvin Velasquez respectfully requests that the Court sentence him to time served, which amounts to over 6 months.

On November 20, 2018, Mr. Velasquez pled guilty to a single count of Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). The Presentence Report correctly calculates Mr. Velasquez' sentencing guidelines range at 10 – 16 months. For the reasons that follow, Mr. Velasquez submits that a sentence of time served – roughly 6 months represents a fair and reasonable sentence based on the fact that Mr. Velasquez was working fulltime, supporting his wife and children at the time that he failed to register, the conviction that triggered his requirement to register is 12 years old, and he has never committed another sex offense since his 2007 conviction.

For these and the reasons stated below, Mr. Velasquez submits that a time served sentence is "sufficient but not greater than necessary" to achieve the purposes of sentencing set forth in 18 U.S.C. § 3553(a). *United States v. Kimbrough*, 128 S.Ct. 558 (2007); *United States v. Booker*, 125 S.Ct. 738 (2005); *United States v. Martin*, 520 F.3d 87 (1st Cir. 2008); *United States v. Rodriguez*, 527 F.3d 221 (1st Cir. 2008).

**BACKGROUND**

Melvin Velasquez is 34 years old and the responsible father of three children: Leslie, Sophia, and Isabella ages 12, 6, and 1, respectively. He has been in a relationship with Leila Hernandez for the last 10 years and she is the mother of Sophia and Isabella. Mr. Velasquez' sex offender registry requirement dates back to a conviction in 2007 for rape in the third degree. Rape in the third degree is a class E felony under New York law; the lowest felony classification under the New York penal code. Mr. Velasquez received an 8 month jail sentence for his crime.

Born in El Salvador, Mr. Velasquez came to the United States at the age of 13. He made the journey by himself. He settled in Long Island where an older brother and uncle lived. He enrolled in high school although he soon left in order to start working and to help support other family members who had arrived in the United States. At present, his father, Savio Velasquez, and his five siblings all reside in the United States. His mother remains in El Salvador.

In 2008, following his 8 month prison sentence, Mr. Velasquez was deported to El Salvador. As this Court is intimately aware, gang violence is rampant in El Salvador. Soon after his deportation, gang members approached Mr. Velasquez and demanded he join their ranks. When he refused, they beat and stabbed him. He has a long scar on his left bicep as result of the attack. Notwithstanding the assault, Mr. Velasquez remained steadfast in his refusal to join the gang; however, he knew that if he stayed in El Salvador he would be killed. Confronted with no viable options, he decided to return to the United States.

He moved to East Boston and Ms. Hernandez soon joined him – they had met in El Salvador following Mr. Velasquez' deportation. Since his return, in roughly, 2008, Mr. Velasquez has started a family and worked. He has not run afoul of the law other than the instant

offense. For the 4 years prior to his arrest, he worked 6 days a week averaging 55 hours a week as a cook at Santarpio's Pizza in East Boston.

## **ARGUMENT**

As this Court knows, the Sentencing Guidelines no longer bind the Court. *United States v. Booker*, 125 S.Ct. 738 (2005). Instead, under 18 U.S.C. § 3553(a), the Court should impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in Section 3553(a)(2). The First Circuit elaborated on the meaning and breadth of the so-called parsimony principle in *United States v. Yonathan Rodriguez*, 527 F.3d 221 (1st Cir. 2008). In *Rodriguez*, the First Circuit stressed that the Supreme Court ruling in *Kimbrough* requires a "more holistic inquiry" and that "section 3553(a) is more than a laundry list of discrete sentencing factors; it is, rather, a tapestry of factors, through which runs the thread of an overarching principle." *Id*. at 228. That overarching principle is to "impose a sentence sufficient but not greater than necessary." *Id*. In reaching a decision on what constitutes an appropriate sentence, the district court should "consider all the relevant factors" and "construct a sentence that is *minimally* sufficient to achieve the broad goals of sentencing." *Id*. (emphasis added).

1. The Guideline Range in Context

Mr. Velasquez' sentencing guideline range is 10 – 16 months. This range is driven in large part by the fact that Mr. Velasquez has 5 criminal history points that land him in criminal history category III. Counsel submits that criminal history III overstates Mr. Velasquez prior criminal history and his risk of recidivism. Importantly, the presentence report scores Mr. Velasquez 2002 conviction for resisting arrest and his 2005 conviction for driving while under the influence of alcohol. These offenses do not time out under the guidelines because the crime

of failure to register is a continuing offense. Therefore, even though in the normal case these two cases, which took place 16 and 13 years before his arrest in the instant matter, would not score they continue to count. Similarly, his October 23, 2007 conviction for rape in the third degree would also time out but for the classification of failure to register as an ongoing offense.

Accordingly, Mr. Velasquez receives 5 criminal history points for prior convictions – two of which counsel submits are minor offenses – notwithstanding that these prior convictions took place more than 10 years prior to his arrest in the instant case. The cumulative effect is that Mr. Velasquez scores at criminal history category III. Quite simply, this score is too high and overstates the seriousness of his criminal record. Apart from his 2007 sex offense, Mr. Velasquez' criminal history is not particularly serious – resisting arrest and driving under the influence. Moreover, these two offenses took place when he was 18 and 20, respectively. They say little about the 34 year old man who currently appears before this Court. Were these prior convictions not scoreable, Mr. Velasquez would be in criminal history category I with a resulting sentencing guideline range of 6 – 12 months.

The sentencing guidelines authorize downward departures where the criminal history classification "significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." U.S.S.G. §4A1.3. In *United States v. Lindia*, 82 F.3d 1154, 1165 (1st Cir. 1996), the court held that a sentencing court may depart downward if it determines that the category inaccurately reflects defendant's actual criminal history. Counsel submits that Criminal History Category I paints a more accurate picture of Mr. Velasquez' overall prior conduct. A reclassification of Mr. Velasquez within Criminal History Category I would result in a sentencing guidelines range of 6 -12 months. Such a range and criminal history classification more aptly represents Mr. Velasquez current risk of recidivism.

2. Circumstances of the Offense and Risk to the Public

At the age of 22, Mr. Velasquez was convicted of a sex offense. The crime was serious and disturbing. However, it is important to note that this is the only sexually motivated crime in Mr. Velasquez' record; there is no evidence to suggest the crime was part of a behavioral pattern, or other than what it appears to be – an opportunistic crime of sexual violence – which is certainly not to be repeated.

The instant offense derives from this prior conviction in that Mr. Velasquez was required to register as a sex offender. While Mr. Velasquez undoubtedly did not register as required by SORNA regulations, his state of mind in failing to do so is critical to the Court placing the offense in context. Mr. Velasquez returned to the United States and settled in Massachusetts in order to escape gang violence and threat of death. His immigration status caused him to work under another name. Over the course of the 10 years he lived in Massachusetts he simply worked, lived with his partner, and began a family. He worked hard and was well liked. It is important to note that Mr. Velasquez' failure to register was not some conscious prelude to sexual re-offense, but rather a desire to avoid detection by immigration officials.

The numerous letters attached as Exhibit A portray the true content of Mr. Velasquez' character. He is a loving son, brother, father, and partner. He supports his family and loves his children. The letters describe the trauma Mr. Velasquez' arrest has caused his family, in particular his 6 year old daughter Sophia. Ms. Hernandez writes:

> Sophia loves him dearly. Sophia, who is six years old, is in Kindergarten and the teachers of the school have brought to my attention that Sophia is going through some very difficult times due to this drastic change. Sophia will need help from a professional to overcome this difficult time where she does not understand why her father is not by her side.

Letter from Leila Hernandez, dated January 15, 2019; attached as part of Exhibit A. (Any letters received by counsel in Spanish have been translated to English for the Court. Exhibit A contains both the original letter in Spanish as well as the English translation. The original Spanish letter immediately follows the English translation).

Mr. Velasquez violated the law. In light of his family situation, and the current situation in El Salvador, his ultimate punishment – deportation - will be more significant than the prison sentence imposed by this Court. Mr. Velasquez is remorseful for his actions and looks forward to putting this case behind him. He hopes that following his deportation he and his family can lawfully move out of El Salvador and began to rebuild their family.

## CONCLUSION

Mr. Velasquez submits that a sentence of time served is a substantial and just punishment for the instant offense. Such a sentence is warranted in light of the fact that Mr. Velasquez has had no convictions since his 2007 sex offense and that he will remain in custody following service of the instant sentence and ultimately face deportation back to El Salvador.

MELVIN VELASQUEZ
By his attorney,

*/s/ Stylianus Sinnis*
Stylianus Sinnis
Federal Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
617-223-8061

## CERTIFICATE OF SERVICE

I, Stylianus Sinnis, hereby certify that this document filed through email and the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 26, 2019.

*/s/ Stylianus Sinnis*
Stylianus Sinnis